992 So.2d 388 (2008)
Ronald Wayne GILLEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2741.
District Court of Appeal of Florida, Fifth District.
October 10, 2008.
*389 Ronald W. Gilley, Jr., Raiford, pro se.
Bill McCollum, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Ronald Wayne Gilley, Jr., appeals the denial of his Rule 3.850 motion for post-conviction relief after an evidentiary hearing. We affirm.
In 2006, Defendant was charged with one count of grand theft and one count of resisting a law enforcement officer without violence. While out on bond, Defendant committed a new law violation, and his bond was revoked. His trial was set for November 20, 2006, but on September 21, 2006, Defendant appeared with counsel to accept a plea agreement with the State for a sentence of one year and one day, plus costs and restitution.
At the hearing, Gilley offered, instead of the one year and one day in prison, to serve ten years of probation. Defendant said he wanted to get back to the State of Maryland to look after his ailing mother. Because ten years of probation was excessive for the charge, the trial court agreed to time served plus four years of probation. At the close of the plea hearing, Defendant's counsel asked "if the court has any objection to [Gilley] transferring probation to Maryland." The court said it had none. The Defendant reported to probation but was not immediately able to transfer his probation to Maryland.
Several weeks later, while staying at a motel in Marion County, Gilley consumed some kind of a pill provided him by a fellow resident. Fearing that evidence of a prohibited drug would appear on his random drug test, when Defendant appeared for testing, he utilized a device that allowed him to use someone else's urine. However, the ruse was discovered, and he was arrested for violation of his probation. He was informed by his counsel that he could receive up to five years in prison. Defendant elected to admit to the violation. The trial court accepted his plea, revoked his probation and sentenced him to serve thirty months. He now contends that he was "under the impression" or promised by his counsel that, if he pled guilty, he would receive the originally proposed prison term of one year and one day. Thus, he contended below that his counsel was ineffective, a proposition which the trial court correctly rejected.
On appeal, he takes a slightly different tack, suggesting that he should have been entitled to the originally offered sentence of one year and one day of incarceration since he did not receive the "benefit of his bargain" by having his probation transferred to Maryland immediately. He further contends that his violation was not "willful" because the State's failure to honor its contract caused him such mental anguish and distress that he "ha[d] to take some type of pill," which apparently led to his attempt to provide a fraudulent urine sample. The trial court thoroughly considered this case and drafted an excellent order rejecting appellant's various theories, which order we approve.
AFFIRMED.
SAWAYA and EVANDER, JJ., concur.